**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE ANTONIO RAMOS** | ) | |
| **Petitioner ,** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No. 10-31 Erie** |
| | ) | **District Judge McLaughlin** |
| **JEROME WALSH, et al.,** | ) | **Magistrate Judge Baxter** |
| **Respondents.** | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that Petitioner's "motion to transfer" [document # 23] be denied due to lack of jurisdiction over the persons that Petitioner Ramos seeks to enjoin.

**II.     REPORT**

On February 23, 2010, Petitioner filed a petition for writ of habeas corpus in this Court. During a telephonic hearing on April 19, 2010, this Court advised Petitioner that the allegations contained within the petition sounded more appropriately in civil rights rather than in habeas corpus, and Petitioner was advised that he could file such an action within the appropriate district court.  Thereafter, the Clerk of Courts of this district mailed Petitioner a civil rights packet.

Presently pending before this Court is Petitioner's motion to transfer (filed on May 3, 2010) wherein Petitioner seeks an order by this Court "taking jurisdiction and [directing] the U.S. Marshal's Office in Erie to take Petitioner into custody and transfer Petitioner to the Federal Correctional Facility at Bradford Pennsylvania."  Document # 23.  Petitioner claims that he is in danger from other inmates and from guards at SCI-Dallas, a state correctional facility located within the Middle District of Pennsylvania.

1

This Court has liberally construed Petitioner's motion as one seeking a preliminary injunction.  See Haines v. Kerner, 404 U.S. 519, 520-521(1972) (*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers.").  On May 10, 2010, this Court conducted a telephonic hearing on the matter.

To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest.  Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990).[1]  The preliminary injunction remedy "must be reserved for extraordinary circumstances...."  Hoxworth v. Blinder, Robinson & Correctional Officer. Inc., 903 F.2d 186, 189 (3d Cir. 1990).

In this case, this federal district Court sitting in the Western District of Pennsylvania has no authority over where Petitioner is incarcerated (located within the Middle District of Pennsylvania) and no personal jurisdiction over the persons named in the motion as they are not parties to this lawsuit.  If Petitioner wishes to bring a civil rights action against these individuals, he may do so by filing a separate action in the appropriate district.  Accordingly, Petitioner's

---

[2] If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted.  Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).  Irreparable injury is established by showing that a plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial."  Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm").  The plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989).  In fact, a plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm.  ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987).  The case law provides some assistance in determining that injury which is irreparable under this standard.  "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'."  Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted).  Additionally, "the claimed injury cannot merely be possible, speculative or remote."  Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995).  An injunction is not issued "simply to eliminate a possibility of a remote future injury...."  Acierno, 40 F.3d at 655 (citation omitted).

request for injunctive relief [Document # 23] should be denied.

In accordance with Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  No extensions of time will be granted.  Failure to file timely objections may constitute a waiver of appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: May 10, 2010

3