IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE ANTONIO RAMOS** | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 10-31Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| **JEROME WALSH, et al.,** | ) | Magistrate Judge Baxter |
| | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is recommended that the motions to dismiss [ECF Nos. 13, 19] be granted and that the Original Petition be dismissed.

It is further recommended that the first motion to amend [ECF No. 22] be granted and the second motion to amend [ECF No. 32] be denied for lack of venue.

By separate Order filed this date, the Clerk of Courts is directed to mail Petitioner blank habeas corpus forms and case management deadlines will be issued.


**II.    REPORT**

    **A.    The Original Petition**

On or about February 3, 2010, Petitioner filed with this Court a *pro se* petition for writ of habeas corpus. Petitioner is currently serving a sentence imposed by the Court of Common Pleas of Warren County, Pennsylvania, and he is incarcerated at the State Correctional Institution at Dallas, a facility located within the Middle District of Pennsylvania.

In his Original Petition, Petitioner complains about the conditions of his confinement at

1

SCI-Dallas, specifically claiming that his Eighth Amendment rights have been violated in that he has been assaulted several times by other inmates, and Petitioner requests that this Court "issue forth an Order to the Respondents herein to transfer Petitioner back to Warren County Prison or in the alternative that a writ of habeas corpus be issued releasing Petitioner from the State Correctional Institution at Dallas in Luzerne County, Pennsylvania." ECF No. 7, page 4.[1] In a subsequent filing, Petitioner makes clear that as relief for the violation of his Eighth Amendment rights he is seeking monetary damages from Jeffrey Beard, Michael Klopotaski, Vincent Mooney, Francis Brenninger, Benjamin Barsh, Lt. David Mosier, Lt. Muscial, Sgt. Buck, Correctional Officer Robert McCoy, Correctional Officer Wilk, Correctional Officer Walters, Correctional Officer Hogan, Correctional Officer Matello, and Charles McKeown[2]. ECF No. 34, pages 2-3.

During a telephonic hearing held on April 19, 2010, this Court advised Petitioner that the allegations contained within the Original Petition sounded more appropriately in civil rights rather than in habeas corpus, and Petitioner was advised that he could file such an action within the appropriate district court (the Middle District of Pennsylvania, in which he is incarcerated). See ECF No. 21. The docket reflects that thereafter the Clerk of Courts of this district mailed Petitioner a civil rights packet.

On May 3, 2010, Petitioner filed a "Motion to Transfer" wherein he sought an order by this Court "taking jurisdiction and [directing] the U.S. Marshal's Office in Erie to take Petitioner into custody and transfer Petitioner to the Federal Correctional Facility at Bradford Pennsylvania." ECF No. 23. Petitioner claimed that he is in danger from other inmates and from guards at SCI-Dallas.

---

[1] The nineteenth edition to <u>The Bluebook: A Uniform System of Citation</u> (Columbia Law Review Ass'n, et al. eds., 19th ed. 2010) provides citation form for court documents filed with the Electronic Case Management system. Rule B7.1.4. Although <u>The Bluebook</u> advises pinpoint citation to a document's original page number, this Court finds its practice of citing to the page number contained in the PACER header more efficient and will continue its prior practice of citing to that page number herein.

[2] None of these named individuals are a party to this litigation, but this Court infers that these are proposed defendants to a civil rights action. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972) (*pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers.").

2

This Court liberally construed Petitioner's motion as one seeking preliminary injunctive relief, and on May 10, 2010, conducted a telephonic hearing on the matter.[3]

Both the Pennsylvania Attorney General's office and the District Attorney of Warren County have entered appearances in this case. In response to the Original Petition, both Respondents have filed motions to dismiss challenging this Court's jurisdiction and venue as alleged by Petitioner in the Original Petition. ECF No. 13 (motion to dismiss by Commonwealth of Pennsylvania) and ECF No.19 (motion to dismiss by District Attorney of Warren County).

Petitioner's claims challenging the conditions of his confinement are inappropriate in a petition for a writ of habeas corpus. See Leslie v. Attorney General of the United States, Slip Copy, 2010 WL 381609, at * 3 (3d Cir. Feb.4, 2010) ("habeas corpus petition was not the proper vehicle to raise claims challenging conditions of confinement. See Doe v. Pa. Bd. of Prob. and Parole, 513 F.3d 95, 99 n. 3 (3d Cir.2008)".); Woodford v. Ngo, 548 U.S. 81, 91 n.2 (2006) quoting Fay v. Noia, 372 U.S. 391, 423-24 (1963) ("[H]abeas corpus [is] an original ... civil remedy for the enforcement of the right to personal liberty."). Rather, Petitioner must raise these issues in a civil rights complaint under 42 U.S.C. § 1983. See Leamer v. Fauver, 288 F.3d 532, 544 (3d Cir. 2002) ("[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action such as this is properly brought under § 1983").

This Court cannot simply convert the instant action from a petition for writ of habeas corpus to a civil rights case and continue on to address the merits of Petitioner's civil rights claims as venue is lacking within this district court. Under 28 U.S.C. § 1391(b), venue over a §1983 claim is proper in:

---

[3] By Report and Recommendation filed May 10, 2010, the undersigned recommended that Petitioner's request for injunctive relief be denied due to the lack of jurisdiction over the persons whose actions Petitioner sought to enjoin because they were not respondents to this habeas petition. ECF No. 28. The Report and Recommendation further explained that if Petitioner wishes to bring a civil rights action against these individuals, he may do so by filing a separate action in the appropriate district court. Petitioner filed two sets of Objections to the Report and Recommendation. ECF Nos. 33 and 34. By Memorandum Order dated June 25, 2010, U.S. District Judge Sean J. McLaughlin adopted the Report and Recommendation. ECF No. 37.

3

> 1) a judicial district where any defendant resides, if all defendants reside in the same state;
>
> 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> 3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Id.

Here, venue is not proper within this district, if these claims are brought in a civil rights context, as Petitioner is incarcerated at SCI-Dallas and the events of which he complains occurred there. Presumably, each of the **proposed** defendants from whom Petitioner seeks monetary relief reside within some geographic proximity to SCI- Dallas, which is located within the Middle District of Pennsylvania.

Accordingly, the matters raised in the Original Petition should be dismissed. See 28 U.S.C. § 1406(a) (district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.). As this Court has previously explained, Petitioner may file a civil rights case challenging the alleged violations of his Eighth Amendment rights within the Middle District of Pennsylvania.

### B. First Motion to Amend[4]

On May 3, 2010, Petitioner filed a motion to amend his petition. ECF No. 22. In this filing, Petitioner attacks the constitutionality of his 1986 sentence and conviction for involuntary deviate sexual intercourse, statutory rape and indecent assault in the Court of Common Pleas of Warren County, Pennsylvania. Petitioner argues that his conviction at Case Number 225 of 1986 violated his constitutional rights:

---

[4] To date, Respondents have not been directed to file any response or opposition to the pending motions to amend.

4

> "... under the Fifth, Sixth and Eighth Amendment in Warren County, Pennsylvania. Petitioner's speedy trial rights were violated under the Sixth Amendment and Article I, Section 9 of the Pennsylvania Constitution that were deliberately circumvented and violated. Petitioner's Fifth Amendment rights under the double jeopardy clause were also circumvented and violated. Petitioner' right to be free from cruel and unusual punishment was violated in the Warren County Prison in Warren County, Pennsylvania."

ECF No. 22, page 8.

Federal Rule of Civil Procedure 15(a) states that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure).

Venue is proper in this district as to Petitioner's challenge to his state court conviction in Warren County, Pennsylvania. Proper venue for a habeas corpus action by a state prisoner is either the district where he is confined or the district where he was convicted. 28 U.S.C. § 2241(d) ("Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."). See also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). Here, Warren County is within this district and so venue is proper.[5]

---

[5] The AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See also Rules Governing Section 2254 Cases, Rule 9
(continued...)

5

### C. Second Motion to Amend

On May 19, 2010, Petitioner filed a second motion to amend his petition. ECF No. 32. Petitioner avers that he is being illegally detained in the Restricted Housing Unit at SCI-Dallas due to false misconducts (and a general campaign of harassment by prison staff there). As relief, Petitioner seeks "immediate discharge from custody." ECF No. 32, page 7. The second motion to amend should be denied as futile.

While the legality of prison disciplinary proceedings is within the proper scope of habeas corpus, venue over such a claim is proper within the district court for the district in which Petitioner is incarcerated. Here, this Court lacks venue over such a claim. Therefore, the second motion to amend the petition [ECF No. 32] should be denied as futile. See In re NAHC, Inc. Securities Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (an amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted).

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motions to dismiss [ECF Nos. 13, 19] be granted, that the Original Petition be dismissed.

It is further recommended that the first motion to amend [ECF No. 22] be granted and the second motion to amend [ECF No. 32] be denied for lack of venue.

---

[5](...continued)
("before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. 2244(b)(3) and (4)"). Petitioner has filed a previous petition for writ of habeas corpus challenging his conviction on a different underlying criminal conviction. See Civil Action No. 99-182E, challenging 334 of 1990. Because the claims of this proposed amended petition are not attacking the same underlying sentence and conviction, it is not subject to AEDPA's "gatekeeping" authorization requirements.

By separate Order filed this date, the Clerk of Courts is directed to mail Petitioner blank habeas corpus forms and case management deadlines will be issued.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Dated: October 12, 2010