IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSE ANTONIO RAMOS, )
)
      Petitioner, )
) Civil Action No. 10-31 Erie
  v. )
)
JEROME WALSH, et al., )
)
      Respondents. )

## ORDER

Presently pending before the Court is the Petitioner's "Motion in Objection" [ECF No. 12], which the Court has construed as an appeal of the Magistrate Judge's Order entered on March 9, 2010 [ECF No. 10] denying his request for the appointment of counsel to assist him with his pending petition for writ of habeas corpus. Upon consideration of the motion, the order and the Petitioner's objections, the appeal will be denied.

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3rd Cir. 1991) ("There is no 'automatic' constitutional right to counsel in a federal habeas corpus proceeding."), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). Appointment of counsel in a habeas proceeding is only mandatory if the district court determines that an evidentiary hearing is required on the petition. 18 U.S.C. § 3006A(a)(2)(B). Otherwise, the appointment of counsel is discretionary, and may be appointed "whenever the United States magistrate or the court determines that the interest of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(g).

In this case, appointment of counsel is unnecessary. As found by the Magistrate Judge, Petitioner's pleadings clearly state his alleged violations of federal law in support of his petition. Moreover, the Petitioner has demonstrated the ability to adequately prosecute his habeas petition, and at this stage in the litigation, the matter is ripe for

disposition. In the event a hearing on the petition is warranted, or "any further proceeding demonstrates the need for the appointment of counsel," see *Williams v. Walsh*, 2011 WL 13657 at *1 (M.D.Pa. 2011), the Court may reconsider the matter *sua sponte* or upon a motion filed by the Petitioner. Accordingly, IT IS HEREBY ORDERED that the Petitioner's "Motion in Objection" [ECF No. 12] to the Magistrate Judge's Order entered on March 9, 2010 [ECF No. 10] denying his request for the appointment of counsel is DENIED.

Signed this 8th day of June, 2011.

                                                                    s/ Sean J. McLaughlin
                                                                         United States District Judge

cm:    All parties of record
         Susan Paradise Baxter, U.S. Magistrate Judge