IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSE ANTONIO RAMOS, )
         Petitioner, )
         v. ) Civil Action No. 10-31 Erie
JEROME WALSH, et al., )
         Respondents. )

## ORDER

Presently pending before the Court is the Petitioner's "Motion in Objection to Magistrate Judge's Dismissal of Petitioner's Pro Se Motion for Default" [ECF No. 57], which the Court has construed as an Appeal of the Magistrate Judge's Order entered on January 4, 2011 denying his motion for entry of default.[1] In his Appeal, the Petitioner objects to the Magistrate Judge's Order denying his motion for entry of default judgment based upon the Respondent's failure to file a response to the amended habeas petition by the deadline set by the Court [ECF No. 49].

Upon consideration of the motion and the transcript of the hearing on the motion, the appeal will be denied. Default judgments are normally not issued in habeas cases. *See United States v. Dill*, 555 F. Supp. 2d 514, 521 (E.D.Pa. 2008) (quoting *Bermudez v. Reid*, 733 F.2d 18, 21 (2nd Cir.), *cert. denied*, 469 U.S. 874 (1984), reasoning "were district courts to enter default judgments without reaching the merits of [a habeas] claim, it would be not the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them"); *see also Malarik v. Crawford,* 2008 WL 4186211 at *1 (W.D.Pa. 2008) ("the fact that a respondent fails to answer a habeas corpus petition is not grounds for granting federal habeas relief"); *Taylor v. Carroll*, 2003 WL 22075693 at *4 (D.Del. 2003) (observing that "whether a default judgment is even

---

[1] Petitioner appealed the Magistrate Judge's Order to the Third Circuit Court of Appeals on January 18, 2011 [ECF No. 56]. On June 1, 2011, the appeal was dismissed for lack of appellate jurisdiction [ECF No. 64]. Therefore, this appeal is now properly before the Court for disposition.

available in a habeas corpus proceeding is subject to debate"), citing *Lemons v. O'Sullivan*, 54 F.3d 357, 365 (7th Cir. 1995) ("default judgment is disfavored in habeas corpus cases"); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment"); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) ("a default judgment is not contemplated in habeas corpus cases").

Moreover, as the Magistrate Judge concluded, there is no prejudice to the Petitioner if a default is denied, and there is no evidence on the record to suggest that the Respondent's failure to file a timely response was due to culpable conduct. Accordingly, IT IS HEREBY ORDERED that the Petitioner's "Motion in Objection to Magistrate Judge's Dismissal of Petitioner's Pro Se Motion for Default" [ECF No. 57], which the Court has construed as an Appeal of the Magistrate Judge's Order entered on January 4, 2011, is DENIED.

Signed this 8th day of June, 2011.

                                                           s/ Sean J. McLaughlin
                                                             United States District Judge

cm: All parties of record
      Susan Paradise Baxter, U.S. Magistrate Judge