# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE ANTONIO RAMOS, | ) | |
|     Petitioner, | ) | Civil Action No. 10-31 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| JEROME WALSH, et al., | ) | |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

Petitioner Jose Antonio Ramos is state prisoner who is serving a sentence imposed by the Court of Common Pleas of Warren County on or around November 29, 1990, at Criminal Docket No. 334 of 1990 for a conviction of Involuntary Deviate Sexual Intercourse (IDSI) (victim less than 16 years old). Pending before this Court is his amended petition for a writ of habeas corpus [ECF No. 22]. He contends that his detention is unlawful and that he should be released from custody. The amended petition is at least the second petition for a writ of habeas corpus that he has filed with this Court in which he challenges the validity of the sentence imposed by the Court of Common Pleas of Warren County. Because he did not receive from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider this successive petition, as required by 28 U.S.C. § 2244(b)(3)(A), it is recommended that the amended petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

**II.     REPORT**

    A.     **Relevant Background**

On October 19, 1990, Petitioner pleaded guilty to IDSI before the Court of Common Pleas of Warren County. The court sentenced him on or around November 29, 1990 to 10-20 years of imprisonment, to run consecutive to a sentence imposed by the Court of Common Pleas of Erie County at Criminal Docket No. 1741 of 1986.

On August 26, 1992, the Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence. The Supreme Court of Pennsylvania denied a petition for allowance of appeal on June 7, 1993. Petitioner's judgment of sentence became final on or around September 7, 1993. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time for filing a writ of certiorari in the U.S. Supreme Court).

During the ensuing years, Petitioner repeatedly sought judicial relief from both the state trial and appellate courts through numerous pleadings and correspondence. When those efforts were unsuccessful, he sought federal habeas relief from this Court. Specifically, in February of 1999, Petitioner filed a petition for a writ of habeas corpus with this Court in which he challenged the judgment of sentence imposed by the Court of Common Pleas of Warren County. That case was docketed as Jose Antonio Ramos v. Philip L. Johnson, Civil Action No. 99-182 (Erie), assigned to the Honorable Sean J. McLaughlin, and referred Magistrate Judge Ila Jeanne Sensenich. On April 2, 2001, this Court issued a Memorandum Order in which it, upon the Magistrate Judge's Report and Recommendation, denied the petition as untimely and denied a certificate of appealability. The Third Circuit Court of Appeals denied Petitioner's subsequent application for a certificate of appealability.

2

Petitioner continued his efforts in state court to get his judgment of sentence vacated. For example, on or around October 1, 2008, he filed with the Court of Common Pleas of Warren County his third state petition for a writ of habeas corpus, which the court denied the next day. On June 3, 2009, the Superior Court of Pennsylvania quashed his subsequent appeal.

In the pending amended petition for a writ of habeas corpus (ECF No. 22), Petitioner once again challenges his current confinement, which is the result of the judgment of sentence imposed by the Warren County Court of Common Pleas at Criminal Docket No. 334 of 1990. He claims that his confinement is unlawful because, *inter alia*, his right to a speedy trial was violated. He also claims his double jeopardy rights were violated because the underlying charges at Criminal Docket No. 334 of 1990 were the same charges that had been *nolle prossed* by the Warren County District Attorney in October of 1987 at Criminal Docket No. 225 of 1986.

### B.   Discussion

This proceeding is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"). That statute provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).

In pertinent part, AEDPA mandates that before filing a second or successive habeas corpus petition under 28 U.S.C. § 2254, a petitioner must obtain an order from the court of appeals authorizing

3

the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. §2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

Because the instant amended habeas petition is at least the second request for federal habeas relief that Petitioner has filed with this Court in which he challenges the constitutionality of the sentence imposed by the Court of Common Pleas of Warren County, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b). A review of the computerized dockets of the Third Circuit Court of Appeals establishes that Petitioner has not received from it permission to file a second or successive petition. Therefore, the amended petition must be dismissed because this Court lacks jurisdiction. Burton, 549 U.S. at 152-54.

Petitioner insists that the amended petition should be construed as being filed pursuant to 28 U.S.C. § 2241, which provides:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.
>
> - - -
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless --
>
>> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(a), (c).

No matter what label Petitioner has placed on his amended petition, this Court must construe it as being filed under § 2254:

> The vast majority of courts have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention. Section 2254 is properly understood as in effect implementing the general grant of habeas corpus authority found in § 2241, even if the petitioner is not challenging the underlying state court conviction (e.g., challenges to parole determinations), so long as the person is in custody pursuant to the *judgment* of a state court…. If, however, the petitioner is in custody pursuant to something *other than a judgment* of a state court (e.g., pre-trial detention, pre-trial bond order, awaiting extradition, or other forms of custody that are possible without a conviction), he made proceed under 28 U.S.C. § 2241.

Brian R. Means, FEDERAL HABEAS MANUAL § 1:34 (July 2011) (emphasis in original), citing, *inter alia*, Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) ("It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one…. In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody…. applying the 'specific governs the general' canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence."); and, Felker v. Turpin, 518 U.S. 651 (1996) ("Our authority

5

to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").

Because Petitioner is in custody pursuant to the judgment of a state court, the amended habeas petition must be construed as having been filed pursuant to § 2254.  And because Petitioner has not received from the Third Circuit Court of Appeals permission to file a second or successive petition, the amended petition must be dismissed because this Court lacks jurisdiction.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard here, jurists of reason would not find it debatable whether the amended petition is a successive petition. Accordingly, a certificate of appealability should be denied.

**III.    CONCLUSION**

      For the foregoing reasons, it is respectfully recommended that the amended petition for a writ of habeas corpus [ECF No. 22] be dismissed and a that certificate of appealability be denied.

      Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to do so will waive the right to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated:  September 29, 2010        /s/ Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        United States Magistrate Judge

cc:      The Honorable Sean J. McLaughlin
         United States District Judge