# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSE ANTONIO RAMOS,        )
        Petitioner,     )     Civil Action No. 10-31 Erie
               )
    v.               )     District Judge Sean J. McLaughlin
               )     Magistrate Judge Susan Paradise Baxter
JEROME WALSH, <u>et al.</u>,      )
        Respondents.    )

## <u>MEMORANDUM ORDER</u>

Petitioner Jose Antonio Ramos is state prisoner who is serving a sentence imposed by the Court of Common Pleas of Warren County on or around November 29, 1990, at Criminal Docket No. 334 of 1990. On October 12, 2011, this Court dismissed his amended petition for a writ of habeas corpus [ECF No. 22], which he had filed pursuant to 28 U.S.C. § 2254. Presently pending before this Court is Ramos' Rule 60(b) motion, in which he contends that he is entitled to relief from this Court's final judgment because the Court acted "fraudulently" in dismissing his petition as second or successive pursuant to 28 U.S.C. § 2244(b).

Ramos' contention is entirely without merit. He accuses this Court of "fraudulent" conduct because he is dissatisfied with our decision to dismiss his amended petition. In that amended petition, he challenged his current confinement, which is the result of the judgment of sentence imposed by the Warren County Court of Common Pleas. Because he had challenged that same judgment of sentence in a petition for a writ of habeas corpus that he filed in February of 1999, <u>see</u> <u>Ramos v. Johnson</u>, Civil Action No. 99-182 (Erie), and because he has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider a second or successive petition, as required by 28 U.S.C. § 2244(b)(3), we were required to dismiss his amended petition for lack of jurisdiction.

1

Ramos contends, as he did in the Objections to the Magistrate Judge's Report and Recommendation in this case, that this Court erred when it denied as untimely his previously filed petition at Civil Action No. 99-182. Our decision in Civil Action No. 99-182 was fully and finally litigated (the Third Circuit Court of Appeals denied Ramos' subsequent application for a certificate of appealability in that case on or around May 30, 2002). He had every opportunity during the litigation of that case to raise any argument he had in support of his contention that that petition should not be denied as untimely, and any arguments that he did raise were considered and rejected by this Court at that time.[1] The amended petition that he filed at the instant civil action number is clearly second or successive, and therefore this Court was required to dismiss it for lack of jurisdiction.

Accordingly, this **2nd** day of **December, 2011**, it is hereby **ORDERED** that Ramos' Rule 60(b) motion [ECF No. 71] is **DENIED.**

s/ Sean J. McLaughlin
United States District Court Judge
Western District of Pennsylvania

---

[1] Ramos contends that the Court erred in denying as untimely the petition that he filed at Civil Action No. 99-182 because, *inter alia*, several years earlier the Honorable Glenn E. Mencer had dismissed a petition that he had filed with this Court at Ramos v. Vaughn, Civil Action No. 91-189 for failure to exhaust state court remedies. Judge Mencer's disposition of the case at Civil Action No. 91-189 did not give Ramos a free pass to file any subsequent habeas petition outside of AEDPA's statute of limitations' period. See, e.g., Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) (petitioners whose convictions became final before the effective date of AEDPA on April 24, 1996, had up until, and including, April 23, 1997 to file a timely habeas petition). Moreover, the habeas case over which Judge Mencer presided does not appear to be relevant to this case, or the case that Ramos litigated at Civil Action No. 99-182. Ramos' habeas case before Judge Mencer at Civil Action No. 91-189 appears to have challenged a judgment of sentence imposed by the Erie County Court of Common Pleas at Criminal Docket No. 1741 of 1986. The amended habeas petition Ramos filed at the instant docket number, and the one he filed at Civil Action No. 99-182, challenged the judgment of sentence imposed by the Warren County Court of Common Pleas at Criminal Docket No. 334 of 1990.